Richard J. Graham, Esq. Informal Opinion Lewis County Attorney No. 2005-21 7602 State Street Lowville, New York 13367
Dear Mr. Graham:
You have raised several questions concerning the designation of highways for use by all terrain vehicles ("ATVs"). In 2001, Lewis County enacted a local law opening numerous county roads to ATV use. You are concerned that aspects of the local law may not be consistent with Vehicle and Traffic Law ("VTL") § 2405, which governs the designation of highways and public lands for ATV use. This provision permits a government agency by local law or ordinance to designate portions of a public highway under its jurisdiction open for ATV travel if ATVs cannot otherwise access "areas or trails adjacent to the highway."
Specifically, you have asked whether town highways previously designated for ATV use under the statute may be considered "trails adjacent to the highway" within the meaning of the statute, so as to permit the County to designate for ATV use county roads that connect to such town highways. You have also asked whether a municipality may designate a public highway open for ATV use in order for ATV users to access private trails and areas such as the parking lots of private commercial establishments.
Your inquiry focuses on the meaning of the terms "trail" and "area" as used in section 2405(1). We note that these terms are not defined in Article 48-C, or in any other provision of the Vehicle and Traffic Law. Nor are they defined in regulations of the Department of Motor Vehicles, which has jurisdiction over the registration of ATVs. See VTL § 2280(1); see also id. § 2402(1) (authorizing Department of Motor Vehicles to adopt rules and regulations for the administration and enforcement of Article 48-C). Nor does the legislative history provide any clear evidence as to the intended meaning of these terms. Moreover, although the statute was enacted in 1986,[1] the statutory scheme has only recently received judicial treatment, and currently, the existing case law consists of unreported lower court decisions. These decisions and the overall purpose of the statutes governing ATV use guide us in answering your questions.
As explained below, we note that a local law opening designated highways to ATV use must be supported by a determination that "it is otherwise impossible for ATVs to gain access to areas or trails adjacent to the highway" without use of the designated roads. Without such findings, the local law would be considered invalid. Further, we conclude that town highways may not be considered "trails" for purposes of Vehicle and Traffic Law § 2405(1), as this would be contrary to the State Legislature's intent to confine ATV use primarily to off-highway pathways. We also conclude that the statute does not preclude the designation of county highways for ATV use to gain access to private areas or trails, provided that such trails and areas are open to the general public for recreational ATV use.
ANALYSIS
 A. Statutory Requirements for the Designation of Highways as Open for ATV Use
Article 48-C of the Vehicle and Traffic Law governs the operation of ATVs. Operation of ATVs on highways is prohibited, except as expressly provided for in Article 48-C. See VTL § 2403(1). ATVs are permitted to make a direct crossing on a highway (other than an interstate or controlled access highway) and may be operated on highways that have been designated as open for travel by ATVs pursuant to VTL § 2405(1). See VTL § 2403(1)(a) and (b).
Section 2405 authorizes, but does not require, governmental agencies to permit ATV use on highways under their jurisdiction under limited circumstances. It provides:
 Except with respect to interstate highways or controlled access highways . . . any . . . governmental agency with respect to highways . . . under its jurisdiction may designate and post any such public highway or portion thereof as open for travel by ATVs when in the determination of the governmental agency concerned, it is otherwise impossible for ATVs to gain access to areas or trails adjacent to the highway. Such designations . . . by any municipality other than a state agency shall be by local law or ordinance.
VTL § 2405(1).[2]
By its express language, this provision requires the government agency to make two findings in order to designate a highway for ATV use: that use of the highway is necessary to provide access to an area or trail, and that such area or trail is adjacent to the highway. See Brown v. Pitcairn, Index No. 114295 (Sup.Ct. St. Lawrence Co. August 19, 2003) (Demarest, J.), at 8 ("Absent a finding of `impossibility' and that the area or trail lies `adjacent to the highway,' there is no statutory basis for opening the road to [ATV] travel."). Courts have invalidated local laws designating highways as open to ATV use where the designations were not supported by these required findings. See Hutchins v. Town of Colton, Index. No. 116349 (Sup.Ct. St. Lawrence Co. Aug. 31, 2004) (Demarest, J.); Brownv. Town of Pitcairn, Index No. 114295 (Sup.Ct. St. Lawrence Co. Aug. 19, 2003) (Demarest, J.); Brown v. Town of Pitcairn, Index No. 113023 (Sup.Ct. St. Lawrence Co. March 13, 2003) (Demarest, J.); Santagate v. Franklin County, Index No. 99-23 (Sup.Ct. Franklin Co. Jan. 28, 1999) (Lahtinen, J.).[3]
 B. Town Highways Are Not "Trails" as that Term is Used in VTL § 2405(1)
Your first question is whether town highways previously designated as open to ATV use by the appropriate town boards may be considered "trails" within the meaning of VTL § 2405(1). This interpretation would permit the County to designate its highways as open to ATV use where their use is necessary to gain access to town highways that have been opened to ATV use, regardless of whether any off-road paths or areas adjacent to the county highways are open to the public use of ATVs. We conclude that town highways designated as open to ATV use cannot be considered adjacent "trails" for purposes of section 2405.
As noted above, the Vehicle and Traffic Law does not expressly define the term "trail." Several factors indicate that the State Legislature intended the term to refer to off-road paths, rather than roads intended for normal vehicular traffic.
First, the words of a statute should be construed according to their ordinary meaning. Sega v. State of New York,60 N.Y.2d 183, 190-191 (1983). A "trail" is defined as a "marked or beaten path, as through woods or wilderness," The American HeritageDictionary (3d ed. 1992) at 1898, connoting an off-road passageway.
Second, the original statute governing the operation of ATVs on public highways stated that
 ATVs may be operated on the following portions of highways other than the thruway, interstate highways or controlled access state highways, which have been designated and posted as access areas . . . when necessary to travel from one off-highway trail or use area to another when in the determination of the governmental agency concerned it is otherwise impossible for ATVs to gain access to areas or trails adjacent to the highway.
Law 1985, ch. 671, § 6, codified at former Parks, Recreation and Historic Preservation Law § 26.11(1) (emphasis added). Legislative history indicates that when the responsibility for ATV regulation was transferred from the Department of Parks and Recreation to the Department of Motor Vehicles, "no substantive change" was intended to be effected in the transfer of this provision to Vehicle and Traffic Law § 2405. Memorandum of the State Department of Motor Vehicles, reprinted in 1986 McKinney's Session Laws of New York 2921, 2923.
Third, the definition of "ATV" in the Vehicle and Traffic Law suggests that ATVs are not ordinarily to be used on highways, but rather on "off-highway trails." "ATV" is defined as "any self-propelled vehicle which is manufactured for sale for operation primarily on off-highway trails or off-highway competitions and only incidentally operated on public highways."
VTL § 2281(1)(a) (emphasis added). Accordingly, ATVs are generally prohibited from operating on highways, see VTL § 2403, unless the highway is specifically designated and posted for travel in accordance with the requirements of Vehicle and Traffic Law § 2405(1). As discussed above, that law does not permit the designation of a highway to allow ATVs to reach another highway, only to reach otherwise unreachable adjacent "trails and areas." Treating a town highway as a "trail" for purposes of ATV use would thus be in tension with the statutory framework.
Thus, when read together, the statutes regulating ATV use indicate that the Legislature did not intend ATVs to regularly travel on highways and, accordingly, did not intend highways or roads meant for ordinary vehicular traffic to be considered "trails" as that term is used in VTL § 2405(1). A contrary conclusion could result in the opening of a substantial number of municipal highways to ATV use, thus eviscerating the Legislature's intent that ATVs be primarily operated off-highway.
 C. Designation of County Roads for ATV Use to Provide Access to Trails on Private Land
You have also asked whether private trails and areas (such as commercial parking lots) may be considered "adjacent areas or trails" for purposes of section 2405.[4] Whether the Legislature intended the "trails" and "areas" referred to in VTL § 2405(1) to be solely public "trails" and "areas" is not clear from either the language of the statute or the legislative history. The one court to have considered the issue has suggested that a county could not benefit a private landowner by designating a county road for ATV use in order to permit access to privately-owned trails. See Brown v. Pitcairn, Index No. 114295 (Sup.Ct. St. Lawrence Co. Aug. 19, 2003), at 8-9 ("By no means, however, may these markers [posting public roads for ATV use] serve to provide a route from private trails to public trails."). Many of the town roads at issue in that case were opened to ATV use to allow individuals to access trails from their private residences, and the court did not fully consider whether access to trails on private lands would be appropriate under any conditions.
We find additional guidance in the overall purpose and structure of the statutory scheme. On the one hand, there is evidence indicating that the Legislature may have permitted limited highway access under VTL § 2405 in order to facilitate use of ATV trails on public lands. The statute permits state agencies and local governments to designate public lands under their jurisdiction for ATV use, see VTL § 2405(2), and the creation of a public trail system was one of the stated purposes of the statute, see id. § 2400 (legislative purpose). Indeed, as originally enacted the statutory scheme provided for the creation of an ATV trail maintenance and development fund supported by ATV registration fees. See former State Finance Law § 92-o (added Law 1986, ch. 402, § 16 and repealed Law 1990, ch. 190, § 324).[5]
As originally enacted, the fund was to be used by designated state agencies and local governments to develop and maintain a system of ATV trails on public lands under their jurisdiction.See former VTL § 2293 (enacted by Law 1986, ch. 402, § 8, repealed by Law 1988, ch. 61) and former Parks, Recreation, and Historic Preservation Law § 27.21 (enacted by Law 1988, ch. 61, repealed by Law 1990, ch. 190, § 323). Thus, because it was contemplated that a system of public ATV trails would be created in the State, it is at least arguable that the Legislature intended the limited highway use permitted under section 2405 to allow access from one such public trail to another where it was "otherwise impossible for ATVs to gain access," and thus that the terms "trail" and "area" refer to trails and areas on public lands.
On the other hand, section 2405 refers to "areas or trails adjacent to the highway," and does not expressly preclude consideration of the need of the general public to access trails or areas on private land. See VTL § 2405(1); see also former Parks, Recreation and Historic Preservation Law § 26.11(1) (permitting ATV use on "access areas" of designated highways "when necessary to travel from one off-highway trail or use area to another"). Nor is there any evidence in the legislative history that the Legislature considered and rejected the idea that highway access be permitted for trail access on private lands. In the absence of any clear evidence in the language of Article 48-C or its legislative history that the terms "trail" and "area" were intended to refer only to trails and areas on public lands, we find no basis for concluding that section 2405 highway designations may not be used to provide public access to trails and areas on private land. However, any such private trail or area must be expressly open to ATV use. See VTL § 2403(3) ("No person shall operate an ATV on the private property of another without the consent of the owner or lessee thereof."). Moreover, under the statutory scheme, the county may not designate roads as open to ATV use merely in order to provideconvenient access to private trails or areas open to public ATV use. The privately-owned trails or areas must be adjacent to the highway and "otherwise impossible to reach" except by use of the designated county highway.
The overall purpose of the statute confirms this interpretation. A primary purpose of Article 48-C was to promote the safe and proper off-highway recreational use of ATVs. See
VTL § 2400. It therefore seems likely that, in enacting section 2405, the Legislature intended to permit highways to be used, where necessary, to access all ATV trails and areas that are open to members of the general public for recreational ATV use. Providing such necessary access to trails and use areas on private land that are open to members of the general public for recreational ATV use is consistent with the statutory purpose.
The question whether a local government may designate a highway as open to ATV use under section 2405 in order to allow access to an adjacent parking lot also finds no direct answer in the statute. We recognize that the statutory terms "adjacent area" do not clearly exclude commercial parking areas where the public use of ATVs is permitted.[6] We also recognize that one of the statutory purposes of Article 48-C was to promote "commerce," see VTL § 2400, and that the ability of ATV users to access commercial parking lots from ATV trails would not be inconsistent with this purpose. However, such a construction of section 2405 could potentially allow highways to be opened for ATV use at any point where they abut commercial parking lots, and would therefore effectively allow ATVs to be used as substitutes for on-road vehicles such as cars and bicycles. This consequence would be contrary to the Legislature's clear intent that ATVs be used primarily off-highway, with only incidental highway use permitted, see VTL §§ 2281(1)(a) and 2403, and leads us to conclude that section 2405 may not be used to allow designation of highways solely to provide ATV access to commercial parking lots.
CONCLUSION
We therefore conclude that municipal roads and highways open to ATV use are not "trails" as that term is used in Vehicle and Traffic Law § 2405(1) and that the statute does not preclude the designation of public highways for ATV use to provide necessary access by the general public to appropriate ATV trails and areas on private land.
The Attorney General renders formal opinions only to officers and departments of the state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
Laura Etlinger, Assistant Solicitor General
In Charge of Opinions Carol Fischer Assistant Solicitor General
[1] The ATV law was originally enacted in 1985, as part of the Parks and Historic Preservation Law. See Law 1985, ch. 671. It was repealed and re-enacted one year later as part of the Vehicle and Traffic Law. See Law 1986, ch. 402.
[2] Designated highways must be posted as such with appropriate highway signs. See VTL § 2405(3);15 N.Y.C.R.R. 103.7.
[3] In addition, the Department of Environmental Conservation has taken the position that when adopting legislation permitting the use of ATVs on public lands, local governments must take into account the requirements of the State Environmental Quality Review Act ("SEQRA"), Environmental Conservation Law art. 8, and its implementing regulations, 6 N.Y.C.R.R. 617 et seq., which require a determination whether proposed action might have or result in a significant adverse environmental impact.
[4] We are aware that there are ATV trails on private land in New York that are open to members of the general public for a fee.
[5] The statutes providing for the fund were repealed in 1990. New legislation was recently enacted creating an all terrain vehicle trail development, enforcement and stewardship fund supported by an additional $15.00 ATV registration fee. See Law 2005, ch. 59, Part D (adding new State Finance Law § 92-O and amending sections 2282 and 2291 of the VTL).
[6] However, the fact that the original statute governing ATV use on highways used the term "use area," see Law 1985, ch. 671, § 6 (discussed supra), provides some evidence that the term connotes an area where ATVs will be ridden, not just an area where they are permitted to be parked.